Oscar **VELARDE** and wife, Angelina Velarde, Appellants,

v.

**MORTGAGE INVESTMENT COMPANY OF EL PASO**, Texas, Appellee.

No. 5427.

Court of Civil Appeals of Texas.

El Paso.

Feb. 1, 1961.

Rehearing Denied March 1, 1961.

Appellants not represented by counsel.

Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellee.

LANGDON, Chief Justice.

This is an appeal from a judgment in favor of appellee, Mortgage Investment Company of El Paso, Texas, plaintiff below, against Oscar Velarde and wife, Angelina Velarde, appellants here and defendants below.

Judgment was rendered on motion for summary judgment filed by appellee herein pursuant to Rule 166–A, Texas Rules of Civil Procedure, and was based on a suit instituted by appellee against appellants on March 4, 1957. Appellee sought recovery against appellants under three separate and distinct counts.

Count 1 alleged a cause of action for recovery of the balance due in the sum of $4,476.50, on an indebtedness in the original principal sum of $8,500, evidenced by a note and deed of trust dated October 1, 1947, executed by appellants and given to appellee in renewal and extension of various other notes and obligations owed by appellants to the appellee. Foreclosure of the deed of trust lien, as well as recovery of the interest and attorney's fees provided by the terms of the note and deed of trust, was also sought.

Count 2 was a cause of action based on a second note and deed of trust, dated January 1, 1954, executed by appellants, and which purported to have been given by appellants to appellee in renewal and extension of certain other pre-existing debts and liens owed by appellants to appellee. The note sued on was for $6,876, and recovery of the principal amount of said note, interest, attorney's fees and foreclosure of the deed of trust and chattel mortgage liens securing same was also sought.

Count 3 alleged a claim for the sum of $1,088.02, for advances made to appellant Oscar Velarde, as reflected by the books and records of appellee, for the period between June 17, 1946 and February 5, 1948.

It was appellee's contention that such advances (although not specifically mentioned, and not included in the principal sum of the indebtedness represented by the note dated January 1, 1954, described in Count 2), were secured by the deed of trust dated January 1, 1954.

Answering appellee's pleadings, appellants filed a general denial and verified answer to each of the three counts.

On motion for summary judgment, the court had before it appellee's unsworn motion, supported by the affidavit of one Ralph Gill, a former Assistant Treasurer of appellee, Mortgage Investment Company; the affidavit relating only to the claim alleged in Count 3 of appellee's suit. By stipulation, it was agreed that the trial court had before it, in addition to the pleadings and the affidavit mentioned above, the deposition of appellant Oscar Velarde, and photostatic copies of the original notes, mortgages, liens, etc., evidencing the written obligations of appellants sought to be enforced by the actions alleged in Count 1 and Count 2 of appellee's original petition.

Appellants' appeal is predicated upon only one point of error. It is contended that the trial court erred in granting summary judgment, because substantial questions of fact existed.

With respect to the three counts alleged in appellee's pleadings, each of such counts was based upon separate and independent transactions between appellee and the appellants. The claims are clearly severable, and each might well have formed the basis of a separate suit and separate judgment.

■ The notes and the various liens sued on and sought to be enforced under Counts 1 and 2 were in writing, and were admittedly executed by appellants. There was no controversy with respect to the principal amount of indebtedness represented by each note, or that appellants had, in fact, defaulted in the payment of such notes in that the payments thereon had not been made when due, in accordance with the terms thereof. On their face, such notes

and the liens securing same were valid, subsisting debts and liens, entitled to be enforced against appellants as a matter of law. Appellants failed to plead, prove, specify opposing evidence, or file controverting affidavits, necessarily required to overcome the legal effect of appellee's motion, supported as it was by extrinsic evidence, the notes and liens, as well as the admissions of appellant Oscar Velarde as reflected by the deposition of such appellant. No genuine issue of material fact was raised, and no justification for appellants' failure to raise such issues was presented to the trial court. It follows that the trial court correctly and properly rendered judgment for appellee on motion for summary judgment with respect to the cause of action alleged in Count 1, and in Count 2, of appellee's pleadings. Appellants' assignment of error in so far as it relates to the trial court's entry of judgment on Counts 1 and 2, is accordingly overruled.

■ We believe, however, that the trial court erred in entering judgment (on appellee's motion for summary judgment) on Count 3 of the cause of action alleged by appellee, for the reason that the specific debt, or debts, therein alleged is not evidenced by either a note, a memorandum, or other instrument in writing; it being contended by appellee that such debt, amounting to $1,088.02, accrued by virtue of certain advances made by appellee to appellants during the period between June 17, 1946 and February 5, 1948, and, although barred by the statute of limitations prior to January 1, 1954, that such indebtedness, though not specifically mentioned, was included in, and secured by, the deed of trust of January 1, 1954. We believe a genuine and material issue of fact, even in the absence of opposing affidavits, is raised by appellee's own pleadings, such as would preclude the granting of appellee's motion for summary judgment on such count, it being a question of fact whether such indebtedness, previously barred by the statute of limitation, and not referred to or otherwise identified in the deed of trust, was, in fact,

included therein so as to warrant the conclusion, as a matter of law, that the debt was a valid and enforceable debt at the time of trial.

The judgment of the trial court is affirmed with respect to the judgment entered on Count 1 and Count 2, alleged by appellee, and is reversed and remanded as to that part of the judgment based on the cause of action alleged in Count 3 of appellee's petition.

Having affirmed in part, and reversed and remanded in part, all costs in this appeal are taxed two-thirds against appellants, and one-third against appellee.